Jordan Raphael (SBN 252344)
jraphael@byronraphael.com
BYRON RAPHAEL LLP
1055 West 7th Street, Suite 3300
Los Angeles, CA 90017
P: (213) 291-9800
F: (213) 277-5373

Andrew Gerber (*pro hac vice* application to be filed)
andrew@kgfirm.com
KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

*Attorneys for Plaintiff Cat Coven LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAT COVEN LLC, | Case No.: |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| ZOETOP BUSINESS CO., LTD. d/b/a SHEIN and ROMWE | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Cat Coven LLC ("Plaintiff" or "Cat Coven"), by and through its undersigned attorneys, for its complaint against defendant Zoetop Business Co., Ltd. d/b/a Shein and Romwe ("Zoetop" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement brought by an independent artist against one of the largest and fastest growing fast fashion retailers in the world. Defendant is a Chinese company doing business as SHEIN and ROMWE in the United States and around the world. Defendant profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Defendant has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so than to comply with the law. Already banned in India, Defendant has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

2. Plaintiff seeks relief for Defendant's sale and display of a product featuring an unauthorized and infringing copy of its original design. Plaintiff seeks injunctive relief, monetary damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendant's willful infringement and distribution of goods with false copyright management information.

## PARTIES

3. Plaintiff Cat Coven LLC is a limited liability company organized and existing under the laws of the State of New York. Cat Coven has satisfied the requirements of 17 U.S.C. § 411(a) prior to filing this Complaint.

4. Upon information and belief, Defendant Zoetop is a Chinese limited company with its principal place of business in Hong Kong S.A.R.

5. Zoetop is one of the most popular fast fashion e-commerce retailers in the world. Zoetop operates various e-commerce brands, including SHEIN, ROMWE and EMMACLOTH. Zoetop advertises, distributes, and sells its products to consumers in over 200 countries, including the United States. Zoetop primarily sells products direct to consumers under the SHEIN and ROMWE brands through its websites, www.shein.com and www.romwe.com, mobile applications, and social media platforms. Zoetop also sells products wholesale under its EMMACLOTH brand through its website, www.emmacloth.com. In addition, Zoetop also advertises and sells its SHEIN and ROMWE products through sample sales, college campus events, and pop-up events across the United States, including in California.

## JURISDICTION AND VENUE

6. This matter is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*. and false copyright management information under the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et seq*.

7. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Upon information and belief, Defendant Zoetop does systematic business in California and this District. Zoetop operates e-commerce websites and mobile applications that market to consumers in California and this District, offer for sale products to consumers in California and this District, and enable consumers in California and this District to enter into online transactions for a variety of products. Plaintiff is informed and believes and upon such information and belief alleges that this Court has personal jurisdiction over Zoetop in that Zoetop regularly does or solicits business in California and this District; derives substantial revenue from goods used or services rendered in California and this District; expects or reasonably should expect its infringing conduct to have consequences in California and this District; derives substantial revenue from interstate commerce; and committed unlawful acts outside of California that caused injury to Plaintiff within California and this District.

9. In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant committed unlawful acts of infringement in this District, Defendant's unlawful conduct resulted in damage to Plaintiff in this District, and Defendant does business here and is subject to personal jurisdiction here.

# FACTUAL BACKGROUND

I. **Plaintiff's Original Design**

11. Cat Coven is a small fashion and lifestyle company owned and operated by Ms. Kjersti Faret, an independent artist and illustrator based in Harrisburg, Pennsylvania. Cat Coven sells apparel, accessories, home goods, and other products through its website, located at www.catcoven.com, the Cat Coven Etsy storefront, located at www.etsy.com/shop/catcoven, and authorized third-party retailers throughout the United States and Canada. Known for infusing her interests in the occult, art history, feminism, and cats into her original designs, Ms. Faret has developed a large and devoted base of consumers and fans.

12. Among Cat Coven's most popular designs is *Give Me Coffee or Give Me Death* (the "Original Design"), shown below.



13. Cat Coven has used the Original Design on various products, including T-shirts and patches, which she sells directly and through authorized licensees. Examples of original products featuring the Original Design are shown below.

 

14. On June 3, 2016, Cat Coven obtained federal copyright registration No. VA 0002040742 for the *Give Me Coffee or Give Me Death* Original Design. The registration certificate is attached as **Exhibit A**.

## II. Zoetop Infringed on Plaintiff's Copyright

15. Zoetop is a fast fashion retailer that advertises and sells apparel, accessories, jewelry, and other products through its various brands, including SHEIN, ROMWE and EMMACLOTH. Zoetop sells SHEIN and ROMWE branded products directly to consumers through websites, mobile applications, and social media platforms.

16. Zoetop's SHEIN and ROMWE brands are two of the most popular and fastest growing brands in the online fast fashion market. Zoetop's SHEIN and ROMWE

brands are known for their targeted advertising social media campaigns, consistently advertising products with steep discounts. Zoetop also advertises its promotional events throughout the United States, including in California and this District, on the SHEIN and ROMWE brand social media accounts, including Facebook and Instagram, located at facebook.com/shein2019, facebook.com/Romwe.official/, instagram.com/sheinofficial, instagram.com/shein_us, and instagram.com/romwe_fun.

17. Zoetop profits by flooding the market with cheap, infringing products with little regard for the intellectual property rights of others. Numerous online blogs and videos of consumers discuss the low quality of SHEIN and ROMWE goods. Zoetop has been repeatedly sued for copyright infringement but continues to willfully infringe the works of independent artists, presumably because it is far more profitable to do so then to comply with the law, *e.g.*, by creating or licensing original works. Already banned in India, Zoetop has been repeatedly accused of operating sweatshops and engaging in unsafe and unfair business practices.

18. Without Cat Coven's authorization, Zoetop created, manufactured, caused to be manufactured, imported, marketed, distributed, and/or sold a product featuring a design that is strikingly similar to the Original Design (the "Infringing Product").

19. Below is a side-by-side comparison of the Original Design and the Infringing Product. The below comparison makes immediately apparent that the

elements, compositions, arrangements, layouts, renderings, designs, and appearances of the Infringing Product are strikingly similar (if not identical) to the Original Design.

| **Original Design** | **Infringing Product** |
|---|---|
|  | 1pc Random Skull Design Brooch<br>SKU: rwbrooch18200928679 |

20. A screenshot of the Infringing Product as it appears on the ROMWE website is attached as **Exhibit B**.

21. Zoetop's infringement of the Original Design has been willful. Cat Coven previously brought an action against Defendant for its unlawful use of its original designs. *See Cat Coven LLC v. Shein Fashion Group, Inc., et al.,* No. 2:19-cv-07967 (C.D. Cal. 2019). In that action, Cat Coven filed a Notice of Settlement on July 29, 2020,

and the parties filed a Joint Stipulation of Voluntary Dismissal on September 1, 2020. *See id*. Weeks later, Cat Coven discovered that ROMWE had immediately begun selling the new Infringing Product, featuring a design that is strikingly similar to the Original Design. Cat Coven notified Defendant of the new infringing product on October 6, 2020, but efforts to resolve the matter were unsuccessful.

22. Additionally, Zoetop never attempted to contact Cat Coven to inquire about properly licensing its work. Instead, Zoetop simply raided Cat Coven's intellectual property to create the Infringing Product. Upon information and belief, Zoetop knows it is sourcing cheap products from suppliers who regularly deal in infringing products but continues to do so without implementing any reasonable checks to prevent the continued flood of infringing goods into the United States and this District.

23. Upon information and belief, Zoetop provided several types of false copyright management information in connection with its distribution of unlawful copies of the Original Design. Namely, Zoetop affixed the ROMWE name and logo to the packaging of the Infringing Product. Such information serves to misidentify Zoetop, via its trade name ROMWE, as the author and/or copyright owner of the Original Design.

24. Upon information and belief, Zoetop knew that the copyright management information that it affixed to copies of the Original Design was false because Zoetop knew that Cat Coven, and not Zoetop, was the true author and copyright owner of the Original Design.

25. Upon information and belief, Zoetop provided false copyright management information in connection with copies of the Original Design for the purpose of giving consumers the impression that Zoetop was the author and copyright owner of the Original Design. Zoetop intended that by doing so, it would facilitate the sale of the Infringing Product and conceal the fact that it was infringing the Original Design.

26. Cat Coven has been forced to file this action in order to protect its rights.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501 *et seq.*

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 above and incorporates them herein by reference.

28. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyright in the Original Design.

29. Defendant had access to Plaintiff's Original Design, including, without limitation, through (a) viewing the Original Design on Plaintiff's website or social media; (b) viewing the Original Design on an authorized third-party retailer's website or social media; and/or (c) purchasing products featuring the Original Design from Plaintiff or an authorized third-party retailer.

30. Defendant copied, reproduced, distributed, adapted, and/or publicly displayed elements of the Original Design without the consent, permission, or authority of Plaintiff.

31. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

32. Defendant's acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

33. Plaintiff is entitled to actual damages and Defendant's profits attributable to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504.

34. Alternatively, Plaintiff is entitled to an award of statutory damages for the Original Design, pursuant to 17 U.S.C. § 504.

35. Plaintiff is entitled to an order enjoining and restraining Defendant, during the pendency of this action and permanently thereafter, from manufacturing, distributing, importing, exporting, marketing, displaying, offering for sale, or selling the Infringing Products or any other products which bear substantially similar copies of Plaintiff's copyrighted Original Design.

36. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(a)

37. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 36 above, and incorporates them herein by this reference.

38. Upon information and belief, Defendant intentionally and knowingly provided false copyright management information in connection with the Infringing Product. Specifically, on information and belief, Defendants affixed the ROMWE name and logo to the packaging of the Infringing Product.

39. Upon information and belief, Defendant intentionally and knowingly imported for distribution and distributed false copyright management information in connection with the Infringing Product.

40. Upon information and belief, Defendant knew that the copyright management information it conveyed in connection with the Infringing Product was false because Defendant knew that Plaintiff, and not Defendant, was the true author and copyright owner of the Original Design.

41. Upon information and belief, Defendant knowingly provided such false copyright management information and distributed and imported such false copyright management information in connection with the Infringing Product with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act.

42. Defendant engaged in these activities without the consent or authorization of Plaintiff.

43. Plaintiff has been injured as a result of Defendant's multiple violations of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, impounding of the Infringing

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Product, damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) of up to $25,000 for each violation of 17 U.S.C. § 1202(a).

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendant from copying, reproducing, distribution, adapting, and/or publicly displaying the Original Design or any elements thereof;

2. For an order requiring the destruction of all of Defendant's infringing products, including the Infringing Product, and all marketing, advertising, or promotional materials depicting Defendant's infringing products;

3. For an award of Plaintiff's actual damages connection with Defendant's willful copyright infringement;

4. For an award of Defendant's disgorged worldwide profits attributable to Defendant's copyright infringement;

5. For an award of statutory damages for the Original Design under the Copyright Act, 17 U.S.C. § 504(c), as well as attorney's fees and costs under the Copyright Act, 17 U.S.C. § 505;

6. For an award of $25,000 per violation of 17 U.S.C. § 1202(a), an order requiring the impounding of all existing copies of the Infringing Product under 17 U.S.C. § 1203, and award of Plaintiff's costs and attorney's fees under 17 U.S.C. § 1203;

7. For reasonable attorney's fees and costs of suit incurred herein; and

8. For interest, including prejudgment interest, on the foregoing sums; and

9. For such other and further legal and equitable relief as the Court deems just and proper.

Dated: September 9, 2021

Respectfully Submitted,

BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC
Andrew Gerber

*Attorneys for Plaintiff Cat Coven LLC*

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: September 9, 2021

Respectfully Submitted,

BYRON RAPHAEL LLP

By: /s/ Jordan Raphael
Jordan Raphael

KUSHNIRSKY GERBER PLLC
Andrew Gerber

*Attorneys for Plaintiff Cat Coven LLC*

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**
**VA 2-040-742**
**Effective Date of Registration:**
June 03, 2016

## Title
Title of Work: Give Me Coffee or Give Me Death

## Completion/Publication
Year of Completion: 2014
Date of 1st Publication: January 24, 2014
Nation of 1st Publication: United States

## Author
- Author: Kjersti Faret
  Author Created: 2-D artwork
  Citizen of: United States
  Year Born: 1992

## Copyright Claimant
Copyright Claimant: Kjersti Faret
624 Bay Ridge Ave, Apt 2R, Brooklyn, NY, 11220, United States

## Rights and Permissions
Name: Kjersti Faret
Email: kjersti@faret.net

## Certification
Name: Kjersti Faret
Date: June 03, 2016

Page 1 of 1

# EXHIBIT B

Romwe.com Listing for 1pc Random Skull Design Brooch:

